**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

NOV 20 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JASON ERIC SONNTAG, | No. 11-16149 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-00311-RCJ-RAM |
| v. | |
| DENNIS BALAAM; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, Chief Judge, Presiding

Submitted November 13, 2012[**]

Before: CANBY, TROTT, and W. FLETCHER, Circuit Judges.

Jason Eric Sonntag appeals pro se from the district court's summary

judgment in his 42 U.S.C. § 1983 action alleging that defendants used excessive

force against him and violated his constitutional rights by subjecting him to a strip

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[***] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

search while he was a pretrial detainee.  We have jurisdiction under 28

U.S.C. § 1291.  We review de novo.  *Gibson v. County of Washoe, Nev.*, 290 F.3d

1175, 1180 (9th Cir. 2002).  We affirm.

The district court properly granted summary judgment on Sonntag's

excessive force claim because Sonntag failed to raise a genuine dispute of material

fact as to whether the force used to transfer him to administrative segregation and

the threatened use of a taser were unreasonable or amounted to punishment.  *See*

*id.* at 1197 (Fourteenth Amendment protects a pretrial detainee from excessive

force that is unreasonable or amounts to punishment); *see also Byrd v. Maricopa*

*Cnty. Sheriff's Dep't.*, 629 F.3d 1135, 1140 (9th Cir. 2011) (en banc) (search of

pretrial detainee due to security concerns, including suspicion of contraband, did

not violate due process because it was related to legitimate goals and was not

intended to punish); *Mitchenfelder v. Sumner*, 860 F.2d 328, 334-36 (9th Cir.

1998) (upholding threatened use of a taser by prison officials as a means to ensure

compliance with a search).

The district court properly granted summary judgment on Sonntag's strip

search claim because Sonntag failed to raise a genuine dispute of material fact as to

whether the search was unreasonable.  *See Byrd*, 629 F.3d at 1141 (outlining

factors for determining whether search was reasonable); *Mitchenfelder*, 860 F.2d at

332-33 (upholding the use of routine strip search procedures); *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (the nonmoving party cannot avoid summary judgment by "relying solely on conclusory allegations unsupported by factual data").

We do not consider issues not specifically and distinctly raised and argued in the opening brief, including the dismissal with prejudice of Sonntag's claims relating to wrongful arrest, malicious prosecution, and challenging the conditions of his confinement. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

Sonntag's contention that a twenty-five hour placement in administrative segregation without a hearing violated his due process rights is unpersuasive. *See Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir. 1987) (it is not unreasonable for prison administrators to transfer inmates temporarily to greater security regions pending an investigation).

**AFFIRMED**.